Case stricken from calendar.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RACHEL PURDY, Respondent, *v.* ASHBEL P. FITCH, as Comptroller of the City of New York, Appellant.

*Commissioners of appraisal in New York city — validity of an appointment under chapter 537 of 1893, as amended by chapter 567 of 1894.*

By the amendment of chapter 537 of the Laws of 1893 by chapter 567 of the Laws of 1894 a new statute was substantially enacted, and proceedings which had been taken under the law of 1893 prior to the passage of the act of 1894, and not completed, in order to be made the foundation of a claim against the city of New York, must be shown to have complied with the provisions of the act of 1894.

As powers were conferred by the act of 1894 upon the commissioners to be appointed thereunder, additional to those which the commissioners had originally enjoyed under the act of 1893, it became necessary for the mayor of the city of New York, after the passage of the act of 1894, to reappoint commissioners thereunder.

An appointment by the mayor of the city of New York, after the passage of the act of 1894, of certain persons as commissioners " to ascertain and pay the amount of damages to lands and buildings suffered by reason of changes of

grades of streets and avenues made pursuant to chapter 721 of the Laws of 1887," is fatally defective, and the proceedings of the commissioners so appointed are invalid.

O'BRIEN, J., dissenting.

APPEAL by the defendant, Ashbel P. Fitch, as comptroller of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of January, 1895, directing that a peremptory writ of mandamus issue out of and under the seal of the Supreme Court directed to Ashbel P. Fitch, as comptroller of the city of New York, directing him to issue certain bonds specified in said order.

*Theo. Connoly*, for the appellant.

*T. S. Bassford*, for the respondent.

VAN BRUNT, P. J.:

In May, 1893, the Legislature passed an act entitled "An act providing for ascertaining and paying the amount of damages to lands and buildings suffered by reason of changes of grade of streets or avenues made pursuant to chapter 721 of the Laws of 1887, providing for the depression of railroad tracks in the twenty-third and twenty-fourth wards in the city of New York or otherwise."

By the 1st section of this act certain property owners were entitled to prove and recover certain damages as in said act provided. By the 2d section, within thirty days after its passage, the mayor of the city of New York was authorized and directed to appoint three commissioners for the purpose of estimating such loss and damage. The duties and powers of the commissioners were then provided for in the act.

On the 8th day of May, 1893, the mayor appointed Daniel Lord, James M. Varnum and James A. Deering as commissioners "to ascertain and pay the amount of damages to lands and buildings suffered by reasons of the changes of grade of streets or avenues, made pursuant to chapter 721 of the Laws of 1887 or otherwise." On the same day the said commissioners accepted said appointment and each subscribed and took the oath required by said act of 1893. (Chap.

537, Laws of 1893.)   On the 7th of June, 1893, one Rachel Purdy
filed her claim with the comptroller, and hearings were had upon
said claim commencing in October, 1893, and continuing until the
6th of July, 1894.   On the 28th of February, 1894, the claimant
moved to amend the amount of damages alleged in the claim filed
with the comptroller and corporation counsel by increasing the
amount of the damage.   On the 2d of May, 1894, the Legislature
passed another act known as chapter 567 of the Laws of 1894, which
was entitled as follows : " An act to amend chapter 537 of the Laws
of 1893, entitled ' An act providing for ascertaining and paying the
amount of damages to lands and buildings suffered by reason of
changes of grade of streets or avenues made pursuant to chapter 721
of the Laws of 1887, providing for the depression of railroad tracks
in the twenty-third and twenty-fourth wards in the city of New
York or otherwise.' "

By this act sections 1 to 7, inclusive, of chapter 537 of the Laws
of 1893 were amended.   The amendment to section 1 consisted of
inserting after the words " have sustained damages " the words " or
will sustain damages," and also inserting therein reference to certain
other session laws.   Section 2 of said act was amended by inserting
therein the words " or will sustain by reason of such change."   Sec-
tions 3 and 4 are substantially the same in both acts.   Sections 5, 6
and 7 were amended in particulars not necessary to mention here.

By the said act the title of the act of 1893 was amended so as to
read as follows : " An act for ascertaining and paying the amount
of damages to lands and buildings suffered by reason of changes of
grades of streets or avenues in the twenty-third and twenty-fourth
wards of the city of New York, made pursuant to chapter eight
hundred and forty-one of the laws of eighteen hundred and sixty-
eight, chapter three hundred and twenty-nine and six hundred and
four of the laws of eighteen hundred and seventy-four, chapter
four hundred and thirty-six of the laws of eighteen hundred and
seventy-six, chapter seven hundred and twenty-one of the laws of
eighteen hundred and eighty-seven, and chapter three hundred and
twenty-nine of the laws of eighteen hundred and ninety-two."

Subsequent to the passage of this act, on the 8th of June, 1894,
James A. Deering, one of the commissioners appointed under the
provisions of chapter 537 of the Laws of 1893, having theretofore,

and on the 10th of November, 1893, resigned as one of said commissioners, and Daniel P. Hays having been appointed a commissioner in his place and stead, the then mayor of the city of New York, under the provisions of chapter 567 of the Laws of 1894, appointed Daniel Lord, James M. Varnum and Daniel P. Hays as commissioners " to ascertain and pay the amount of damages to lands and buildings suffered by reason of changes of grades of streets and avenues made pursuant to chapter 721 of the Laws of 1887." The said commissioners accepted the appointment and qualified as commissioners, and entered upon the discharge of their duties as such commissioners, holding their first public meeting on the 11th of June, 1894. On the 14th of November, 1894, the said commissioners made an award to said Rachel Purdy, claiming to act as commissioners appointed pursuant to the provisions of chapter 537 of the Laws of 1893, as amended by chapter 567 of the Laws of 1894; and said award purported to be for damages sustained, or which will be sustained, by reason of change of grade to certain premises located in the twenty-third ward of the city of New York, and designated on the tax map of the city of New York as ward No. 4 in block No. 1667. The comptroller having refused to issue bonds to pay the amount of said award, a motion was made for a peremptory mandamus directing the issue of such bonds. That motion having been granted, this appeal from the order thereupon entered was taken.

It does not seem to be necessary to consider all the numerous objections which are raised to the constitutionality of the laws as they appear upon the statute book, the mistakes contained therein, their references to statutes, or the various omissions in the proceedings. It must be conceded, however, that in the amendment of chapter 537 of the Laws of 1893, made by chapter 567 of the Laws of 1894, a new statute was substantially enacted, and that proceedings which had been taken prior to the passage of the act of 1894 and not completed, in order to be made the foundation of a claim against the city, must be shown to have complied with the provisions of the act of 1894. It seems also, in view of the nature of the acts, to have been necessary for the mayor to reappoint commissioners, for the reason that by the provisions of the law of 1894 additional powers were conferred upon the commis-

sioners appointed under the act of 1893, to those which they had originally enjoyed. The act of 1894 enjoined additional duties upon the commissioners looking to the assessment of future damages, which was not the province of the commissioners appointed under the act of 1893. Hence, the act of 1894 provided that commissioners should be appointed under that act for that purpose as well as the other. This was the construction placed upon the act by the mayor in making the appointment which he did under the act of 1894. But unfortunately in the making of this appointment he did not follow the act of 1894, but followed the language of the previous appointment; and, hence, he did not appoint the commissioners to do the things for which he was authorized to appoint them under the act of 1894.

This would seem to make his appointment fatally defective. The authority of the commissioners to act was necessarily derived from the appointment of the mayor; and the attempted appointment of commissioners under the act of 1894 seems to fail of effect because of the defective manner of its execution. This is an objection which seems to lie at the root of the whole of these proceedings. It is more than a mere clerical omission; and the additional powers cannot be attached to the appointment because the mayor had the authority to make an appointment of commissioners to do additional things. He appointed commissioners to ascertain the amount of damages to lands and buildings suffered by reason of changes of grade of streets and avenues pursuant to chapter 721 of the Laws of 1887. He did not appoint new commissioners to assess any damages which might be sustained in the future by reason of such change; neither did he appoint new commissioners to ascertain any damages which might be sustained by reason of changes of grade arising under other acts.

It seems, therefore, that there has been a defective exercise of the power of appointment upon the part of the mayor, and that under such defective exercise of that power, these commissioners had conferred upon them no authority to do the additional things which were provided for by the act of 1894. It is contemplated in those acts that these commissioners shall take an oath to faithfully perform their duties as such. It is clear that such oath could not cover acts which they had not been commissioned to perform.

These considerations seem to show that this irregularity of proceeding is of substance, and cannot be treated or overlooked as trivial. It appears from the award of the commissioners themselves that they have given prospective damages, which certainly was not embraced within the terms of their appointment. We see no method in which this difficulty can be met except by commencing anew under the act of 1894, or by some legislative action such as was resorted to for the purpose of curing the defects alleged to exist in the legislation of 1893.

The order appealed from should be reversed, with costs, and the motion denied, with costs.

Parker, J., concurred.

O'Brien, J. (dissenting):

I do not concur in the conclusion reached by the presiding justice as to the effect of the recital in the appointment of the commissioners. The facts bearing upon such appointment are stated in the affidavit of the comptroller and are as follows: "That subsequently to the passage of the said act, on or about the 8th day of June, 1894, James A. Deering, one of the commissioners appointed under the provisions of chapter 537 of the Laws of 1893, having theretofore, and on November 10, 1893, resigned as one of said commissioners, and Daniel P. Hays having been appointed a commissioner in his place and stead, under the provisions of said chapter 537 of the Laws of 1893, and having duly qualified on or about the 15th day of November, 1893, Thomas F. Gilroy, then mayor of the city of New York, under the provisions of chapter 567 of the Laws of 1894, on 8th June, 1894, appointed Daniel Lord, James M. Varnum and Daniel P. Hays as commissioners 'to ascertain and pay the amount of damages to lands and buildings suffered by reason of changes of grades of streets and avenues made pursuant to chapter 721 of the Laws of 1887,' and the said Daniel Lord, James M. Varnum and Daniel P. Hays, and each of them, accepted the said appointment and duly qualified as commissioners under chapter 567 of the Laws of 1894, and thereafter entered upon the discharge of their duties as said commissioners."

Here we have the statement that they "duly qualified as commissioners" under the Laws of 1894, and this is supplemented by evi-

dence in the record that in the discharge of their duty they conformed to such law. It is true that in the appointment of the commissioners a special reference is made to the law of 1887, and from this that the presiding justice reached the conclusion that the powers of the commissioners were limited by such act. In view of the other facts appearing, this seems to me to be too narrow a construction to give to the language used in the appointment. This at best is but a mere recital, and should not be regarded as a limitation upon the powers of the commissioners. It was a very natural recital, for, as appears, such act of 1887 (Chap. 721) was the original act which provided for ascertaining and paying the amount of damages for lands and buildings suffered by reason of the change of grade, which, as amended by the Laws of 1893 (Chap. 537), and as finally amended by the Laws of 1894 (Chap. 567), comprises the legislation on the subject, and a mere reference to the original act, therefore, should not be held restrictive upon the powers and duties of the commissioners, who, as stated, " duly qualified " and entered upon the discharge of their duties as commissioners under the Laws of 1894.

Order reversed, with costs, and motion denied, with costs.